UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NantKest, Inc.; and Brink Biologics, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Merck KGaA, Merck Serono S.p.A., and EMD Serono Research & Development Institute, Inc.,<br><br>Defendants. | Case No.: 19-cv-1266-L-MSB<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE MOTION TO ENJOIN AND SUPPORTING EXHIBITS [Doc. 10]** |

Pending before the Court is Plaintiffs' motion to file under seal, in whole or in part, portions of certain exhibits supporting Plaintiffs' motion to enjoin and portions of the motion to enjoin itself. For the reasons which follow, the motion is denied.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003). Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447

F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id*. at 1178. The compelling reasons standard applies to all motions except those that are only "tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Plaintiffs' motion to enjoin arbitration falls within the Ninth Circuit's "more than tangentially related" standard. *See Orlob-Radford v. Midland Funding LLC*, 2016 WL 5859002, at *8 (E.D. Wash. Oct. 5, 2016).

To meet its burden, the moving party must make a "particularized showing," *Kamakana,* 447 F.3d at 1180 (internal quotation marks and citation omitted) and, further,

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (internal quotation marks, brackets and citations omitted).

Like Plaintiffs' failed request to file the Complaint and certain supporting exhibits under seal, Plaintiffs' request here is also based primarily on its subjective considerations about its intellectual property, licenses, and terms and conditions undergirding license contract. While Plaintiffs contend a compelling interest exists that has substantial probability to be harmed in the absence of sealing with no alternative to sealing, the Court

is left to hypothesize what the interest is and how in fact it would be harmed in the absence of sealing. Upon reading the lodged exhibits, the Court is able glean the need to possibly seal portions of the exhibits but sealing entire documents without a detailed showing of a compelling reason that would be harmed is beyond this Court's authority. Moreover, it is Plaintiffs' burden to demonstrate the improper purposes that could be furthered if these documents are filed publicly.

Plaintiffs' inclusion of various non-binding district court cases has not persuaded the Court to seal the identified documents and does not satisfy Plaintiffs' burden to make a particularized showing. For example, a compelling reason furthered by sealing the documents is not shown by simply citing *Schwartz v. Cook*, 2016 WL 1301186, (N.D. Cal. Apr. 4, 2016), because Plaintiffs fail to demonstrate in detail, in its motion or supporting declaration, why the information sought to be sealed is narrowly tailored to the reasons for such sealing even if some information generally falls into the category of a trade secret or amounts to business performance, structure, and finance information. Moreover, due to the amount of redaction sought, the Court is significantly limited in the review of the motion's merits until the requisite showing is made. Based on review of the exhibits, it appears that every redaction may not be warranted.

For the foregoing reasons, Plaintiffs' administrative motion to file portions of its motion to enjoin and certain exhibits under seal is DENIED WITHOUT PREJUDICE. To the extent the Court's denial disrupts Plaintiffs' anticipated filing and/or hearing date, Plaintiffs must seek a new hearing date for its motion to stay arbitration if needed. Plaintiffs are permitted to move to seal these documents again, granted a particularized showing can be made.

**IT IS SO ORDERED.**

Dated: July 18, 2019

Hon. M. James Lorenz
United States District Judge