UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NantKest, Inc. and Brink Biologics, Inc.,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Merck KGaA, Merck Serono S.p.A., and EMD Serono Research & Development Institute, Inc.,<br><br>　　　　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-1266-L-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL [Doc. 40]**<br><br>**(2) GRANTING PLAINTIFFS' MOTION TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND SUPPORTING EXHIBITS UNDER SEAL [Doc. 44]** |

Pending before the Court are Plaintiffs' and Defendants' motions to file portions of documents under seal. On July 30, 2019, the Court granted Plaintiffs' administrative motion to file motion to enjoin and supporting exhibits under seal [Doc. 17] and Plaintiffs' administrative motion to file Complaint and supporting exhibits under seal [Doc. 19]. In that order, the Court found that public disclosure of these documents might harm Defendant's competitive standing in its business. *See* Doc. 27. The Court also found that a particularized showing had been made supporting the necessity of the redactions of portions of the Complaint and supporting exhibits. *See id.*
1

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003). Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id.* at 1178. Whether a party's proffered reasons for filing documents under seal are compelling is fact specific and left to the "sound discretion of the trial court." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978). If public access to a document might harm a litigant's competitive standing in its business, the Court has discretion to allow a party to file the document under seal. *Id.* at 598–99.

Here, Defendants seek to file under seal the following: (1) certain exhibits to Defendants' opposition to Plaintiffs' motion to enjoin pending AAA Arbitration, (2) portions of Defendants' opposition to Plaintiffs' motion to enjoin AAA Arbitration referencing the exhibits, and (3) portions of the declaration of Vanita Sood, Ph.D. in support of Defendants' opposition which reference the exhibits. *See* Doc. 40. In their motion, Defendants clearly tie its request to seal portions of exhibits A, D, G, and H to to portions of documents the Court previously ordered to be filed in the July 30, 2019 order. *See id.* In light of the Court's July 30, 2019 order redacting the same information and the sustained need for confidentiality of such information, the Court **GRANTS** Defendants' motion to file the above-mentioned ortions of documents under seal [Doc. 40].

Also, Plaintiffs seek to file portions of exhibits supporting its opposition to Defendants' motion to dismiss under seal. *See* Doc. 44. While Plaintiffs' motion to seal such documents was bereft of any specificity regarding a compelling interest served by the sealing and that would be harmed by disclosure, the Court finds that a particularized

showing has been made, in the Declaration of Sandra Haberny, supporting the necessity of sealing of the portions of the requested documents ((a) Arbitration Demand discussing specific aspects of the Confidential License Agreement; (b) Amended Arbitration Demand discussing specific aspects of the Confidential License Agreement; (c) Confidential License Agreement; and (d) September 16, 2014 EMD Serono Payment Advice Note). *See* Doc. 44-1. The Court therefore **GRANTS** Plaintiffs' administrative motion to file its opposition to Defendants' motion to dismiss and supporting exhibits under seal [Doc. 44].

**IT IS SO ORDERED.**

Dated: August 13, 2019

Hon. M. James Lorenz
United States District Judge